IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN ROEBUCK, an individual, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>HEALTHSOURCE GLOBAL STAFFING, and DOES 1 through 100,<br><br>　　　　　Defendants.<br>_____/ | No. CV 14-00295 RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION** |

## I. INTRODUCTION

Plaintiff Karen Roebuck brings this action on behalf of herself and others similarly situated against defendants HealthSource Global Staffing and Does 1–100 (collectively "HealthSource") alleging violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.) and nonpayment of wages pursuant to Massachusetts laws governing overtime pay (Mass. Gen. Laws ch. 151, §§ 1a, 1b). Healthsource moves to compel arbitration, invoking an arbitration agreement Roebuck signed before starting work as a nurse in Massachusetts for the Fremont-based corporation. Roebuck has not filed any opposition to the motion. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. For the following reasons, Roebuck's motion is granted and this action is stayed pending arbitration.

## II. BACKGROUND

As alleged in her complaint, Roebuck was hired by HealthSource as a non-exempt nurse sometime during the three years preceding the filing of her complaint. According to Roebuck, she was neither provided with uninterrupted meal periods nor compensated for work performed during her purported meal periods. She further alleges that when she was paid overtime, it was not paid at the correct overtime rate because various forms of non-discretionary incentive pay were improperly excluded from her overtime pay calculation. On the basis of these allegations, she brings a claim for relief under the Fair Labor Standards Act on behalf of herself and a putative class consisting of "All HealthSource nursing employees who worked in the United States, who are or were employed within the three years preceding the filing of this action by the Defendant, and who: (a) were not fully compensated for all time worked, and/or (b) were not fully compensated for this time worked over forty hours per week at the proper overtime rates." (Complaint ¶ 13.) She brings a second claim under Massachusetts state law for failure to pay overtime wages on behalf of herself and a putative class consisting of HealthSource nursing employees who worked in Massachusetts during the same time period.

HealthSource seeks to dismiss or stay this action, arguing Roebuck is obligated to resolve the dispute via arbitration according to the terms of an employment agreement signed by Roebuck before she began work for HealthSource. The employment agreement (a copy of which was submitted by HealthSource in support of its motion to compel arbitration) provides that "any dispute arising out of, in connection with, or relating to this Agreement . . . shall be resolved by binding individual (not class, collective, or consolidated) arbitration." (Declaration of Michael A. Maxey Jr., Exh. A, ¶ 10(b).) A copy of the agreement was provided via email to Roebuck prior to her start date. (Exh. B.) Roebuck has not filed any response to HealthSource's motion to compel arbitration.

## III. DISCUSSION

A. <u>Applicability of the Agreement</u>

To resolve whether a dispute is subject to arbitration, the court first determines whether the parties agreed to arbitrate and, if they did, whether the agreement covers the dispute at issue. *Chiron Corp v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 1996). "[A]n agreement

to arbitrate is a matter of contract: 'it is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration.'" *Id*. (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)).  Records submitted by HealthSource in support of the instant motion reflect that Roebuck reviewed and electronically signed the agreement before starting work for HealthSource.  Roebuck has not disputed the accuracy of these records nor otherwise argued that the arbitration clause in her employment agreement is unenforceable.  The evidence submitted by HealthSource provides a sufficient basis to conclude that the parties entered into a valid agreement to arbitrate.

HealthSource further asserts that the agreement covers the dispute at issue.  By its terms, the arbitration clause applies to "any dispute arising out of, in connection with, or relating to this Agreement, including with respect to [Roebuck's] employment by HealthSource or the termination of such employment and any dispute as to the validity, interpretation, construction, application or enforcement of any provision of this Agreement . . . ."  (Exh. A, ¶ 10(b).)  The employment agreement includes provisions governing Roebuck's regular hourly rate and overtime pay.  (*Id.*, ¶ 4(a).)  As such, the agreement can fairly be read to cover Roebuck's claims.

B.  <u>Enforceability of the Agreement</u>

As an employment arbitration policy, the agreement is subject to the Federal Arbitration Act ("FAA").  *Circuit City Stores v. Adams*, 532 U.S. 105, 113 (2001).  Federal policy encourages arbitration, and courts must therefore "place arbitration agreements on an equal footing with other contracts."  *AT&T Mobility v. Concepcion*, 131 S. Ct. 1740, 1745 (2011).  Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2 (2012).

The agreement at issue does not include a choice of law provision.  It does, however, specify that any arbitration shall occur in Alameda County, California, and that any legal action related to or arising out of the agreement shall be brought exclusively in the federal or state courts located in California.  It therefore appears prudent to consider California state law for the limited purpose of reviewing the enforceability of this arbitration provision in light of the uncontested motion to compel arbitration.

**United States District Court**
For the Northern District of California

1   Under California law, a contractual clause is unenforceable only if it is both procedurally
2   and substantively unconscionable. *See Armendariz v. Found Health Psychcare Servs., Inc.*, 24 Cal.
3   4th 83, 114 (2000); *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1280 (9th Cir. 2006). Procedural
4   unconscionability arises from circumstances surrounding the formation and negotiation, with
5   particular concern for the elements of oppression and surprise. *Armendariz*, 24 Cal. 4th at 114. An
6   arbitration provision is substantively unconscionable if it is "overly harsh" or generates "one-sided
7   results" by, for example, "reallocate[ing] risks in an objectively unreasonable or unexpected
8   manner." *Serpa v. California Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 703 (2013), as
9   modified (Apr. 19, 2013), as modified (Apr. 26, 2013) (quoting *Armendariz*, 24 Cal. 4th at 114.)

10   Roebuck has not opposed HealthSource's motion to compel arbitration on the grounds that
11   this contract provision is either procedurally or substantively unconscionable. Procedurally, it
12   appears that Roebuck received and signed a copy of the employment agreement in advance of her
13   starting date with HealthSource. Substantively, there is nothing on the face of the agreement to
14   suggest that enforcement would lead to "overly harsh" or "one-sided results." *Armendariz*, 24 Cal.
15   4th at 114. The Ninth Circuit has noted several types of provisions that might be substantively
16   unconscionable, none of which are present in this agreement. *See, e.g., Circuit City Stores, Inc. v.*
17   *Mantor*, 335 F.3d 1101, 1107 (9th Cir. 2003) (cost-splitting, excessive filing fees, and unilateral
18   power to modify are all substantively unconscionable provisions); *Ferguson v. Countrywide Credit*
19   *Indus.*, 298 F.3d 778, 784–85 (9th Cir. 2002) (arbitration provisions that bilaterally mandate
20   arbitration for types of claims employees are likely to bring or bilaterally preclude types of claims
21   that employers are more likely to bring are substantively unconscionable); *Chavarria v. Ralphs*
22   *Grocery Co.*, 733 F.3d 916, 924 (9th Cir. 2013) (an arbitration provision that always results in the
23   choice of arbitrator being decided by the employer is substantively unconscionable).

## IV.  CONCLUSION

25   Roebuck's claims are subject to arbitration under the agreement. HealthSource's motion is
26   therefore granted and the hearing set for April 3, 2014, is vacated. This action is hereby stayed
27   pending completion of such arbitration. The Clerk is directed to close the file for administrative
28   purposes. It may be reopened for such additional proceedings as may be appropriate and necessary

upon conclusion of the arbitration. If the matter is resolved by settlement, or in the event Roebuck elects not to pursue arbitration, she shall promptly file a dismissal of this action.

IT IS SO ORDERED.

Dated: 3/25/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE